IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON,<br><br>    Plaintiff,<br><br>  v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants.<br>_____ | No. C 12-3158 JSW (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed this civil rights complaint under 42 U.S.C. § 1983 against the Warden of Pelican Bay Sate Prison ("PBSP"), where Plaintiff is currently housed, and two officials of his former prison, California State Prison, Corcoran ("Corcoran"). Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and orders it served upon Defendants.

## DISCUSSION

I.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Legal Claims

Plaintiff alleges that he has been placed in solitary confinement in the secured housing units (SHU) of Corcoran and PBSP for many years because of his erroneous identification as a gang member. Plaintiff alleges that there is another prisoner with a similar name as Plaintiff's who is a gang member, and that prison officials have confused Plaintiff for the other inmate. Plaintiff alleges that while he was at Corcoran he gave Defendant Hubbard, a Chief Deputy Warden, information to this effect but he was not removed from the SHU. He alleges that Defendant Lee, also a Corcoran official, later transferred Plaintiff to PBSP based on false evidence of Plaintiff's gang affiliation.

1  Finally, Plaintiff alleges that Defendant Lewis, the PBSP Warden, has failed to release
2  him from the SHU or to hold a further hearing to determine the continuing validity of
3  identifying Plaintiff as affiliated with a gang.
4      When liberally construed, Plaintiff's allegations state cognizable claims that
5  Defendants the violated his rights to due process and under the Eighth Amendment.

## CONCLUSION

7      For the foregoing reasons, the Court orders as follows:
8      1. The Clerk of the Court shall issue summons and the United States Marshal
9  shall serve, without prepayment of fees, a copy of the complaint and all attachments
10 thereto, and a copy of this order upon Defendants: **Warden G.D. Lewis** at **Pelican Bay**
11 **State Prison,** and against **Chief Deputy Warden Susan Hubbard and Classification**
12 **Service Representative Brian Lee** both located at the **California State Prison at**
13 **Corcoran**.
14     <u>The Clerk shall also mail a courtesy copy of the complaint with all attachments</u>
15 <u>thereto, and this order to the California Attorney General's Office.</u>
16     The Clerk shall also serve a copy of this order on Plaintiff.
17     2. Defendants shall file an answer to the complaint within **eighty-four (84)** days
18 of the date this order is filed.
19     3. In order to expedite the resolution of this case, the Court orders as follows:
20     a. No later than **eighty-four (84)** from the date this order is filed,
21 Defendants shall either file a motion for summary judgment or other dispositive motion,
22 or a notice to the Court that they are of the opinion that this matter cannot be resolved by
23 dispositive motion. The motion shall be supported by adequate factual documentation
24 and shall conform in all respects to Federal Rule of Civil Procedure 56.
25     **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**
26 **<u>qualified immunity found, if material facts are in dispute. If defendants are of the</u>**
27 **<u>opinion that this case cannot be resolved by summary judgment, they shall so</u>**
28 **<u>inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **twenty-eight days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1  IT IS SO ORDERED.
2  DATED: July 9, 2012
3
4  _____
   JEFFREY S. WHITE
   United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2 If defendants move for summary judgment, they are seeking to have your case
3 dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil
4 Procedure will, if granted, end your case.

5 Rule 56 tells you what you must do in order to oppose a motion for summary judgment.
6 Generally, summary judgment must be granted when there is no genuine issue of material
7 fact--that is, if there is no real dispute about any fact that would affect the result of your case,
8 the party who asked for summary judgment is entitled to judgment as a matter of law, which
9 will end your case. When a party you are suing makes a motion for summary judgment that is
10 properly supported by declarations (or other sworn testimony), you cannot simply rely on what
11 your complaint says. Instead, you must set out specific facts in declarations, depositions,
12 answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that
13 contradict the facts shown in the defendant's declarations and documents and show that there is
14 a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,
15 summary judgment, if appropriate, may be entered against you. If summary judgment is granted,
16 your case will be dismissed and there will be no trial.

17 **NOTICE -- WARNING (EXHAUSTION)**

18 If defendants file an unenumerated motion to dismiss for failure to exhaust, they are
19 seeking to have your case dismissed. If the motion is granted it will end your case.

20 You have the right to present any evidence you may have which tends to show that you
21 did exhaust your administrative remedies. Such evidence may be in the form of declarations
22 (statements signed under penalty of perjury) or authenticated documents, that is, documents
23 accompanied by a declaration showing where they came from and why they are authentic, or
24 other sworn papers, such as answers to interrogatories or depositions.

25 If defendants file a motion to dismiss and it is granted, your case will be dismissed and
26 there will be no trial.

27

28

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

JERRY A BURTON,

        Plaintiff,

  v.

G D LEWIS et al,

        Defendant.

                                  Case Number: CV12-03158 JSW

                                  **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry A. Burton
E85733
P.O. Box 7500
Crescent City, CA 95532

Dated: July 9, 2012

                                        Richard W. Wieking, Clerk
                                        By: Jennifer Ottolini, Deputy Clerk