IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON,<br><br>    Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants.<br>_____ | No. C 12-3158 JSW (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANTS; DENYING DEFAULT AND TEMPORARY RESTRAINING ORDER**<br><br>(Docket Nos. 19, 21) |

Plaintiff, a California prisoner proceeding pro se, has filed this civil rights complaint under 42 U.S.C. § 1983 against Defendant G.D. Lewis, the Warden of Pelican Bay Sate Prison ("PBSP") where Plaintiff is currently housed, and Defendants Chief Deputy Warden Susan Hubbard and Classification Service Representative Brian Lee, two officials at California State Prison, Corcoran ("Corcoran") where Plaintiff was formerly housed. These were the names, titles and locations provided by Plaintiff in the complaint. The complaint was reviewed pursuant to 28 U.S.C. 1915A, and the United States Marshal was ordered to serve it upon these Defendants at the locations Plaintiff provided. Lewis was served and has appeared. The Marshal filed "Process Receipt and Return" forms indicating that an attempt to serve Hubbard and Lee at Corcoran was unsuccessful because they are not located there. Hubbard has retired, and Lee is not located there.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court

shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Plaintiff's complaint has been pending for 120 days, and it is therefore subject to dismissal without prejudice absent a showing of "good cause" if the parties have not been served. *See* Fed. R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, plaintiff must either himself effect service on Defendants Hubbard and Lee, or submit to the Court sufficient information to identify and locate them such that the Marshal is able to effect service upon them. <u>If Plaintiff fails to do so, or to show cause why he cannot, **on or December 8, 2012**, his claims against the Defendants Hubbard and Lee will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

In light of the foregoing service problems, Plaintiff's motion for default judgment against Defendants Lee and Hubbard is DENIED (docket number 21). Plaintiff's motion for a temporary restraining order ("TRO") is DENIED because he has not shown a sufficient likelihood of success on the merits of his claims (docket number 19).

IT IS SO ORDERED.

DATED: November 13, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY A BURTON,

    Plaintiff,

 v.

G D LEWIS et al,

    Defendant.

Case Number: CV12-03158 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry A. Burton
E85733
P.O. Box 7500
Crescent City, CA 95532

Dated: November 13, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk