UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN LEE, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-03158-JST (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; REVOKING IN FORMA PAUPERIS STATUS; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 53, 57, 58 |

Plaintiff, a California inmate at Pelican Bay State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. Specifically, plaintiff alleges that he has been placed in the secured housing unit ("SHU") based on his erroneous identification as a gang member. The Court granted plaintiff's motion to proceed in forma pauperis ("IFP"), and served the complaint on defendants. Defendants have filed a motion to revoke plaintiff's IFP status and dismiss the action. Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons stated below, the Court GRANTS defendants' motion.

**DISCUSSION**

**A.  Motion to Revoke IFP Status**

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is " 'of little weight or importance: having no basis in law or fact,' " and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.' " Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). Plaintiff has the burden of proving that he is in imminent danger of serious physical injury.

**B.    Plaintiff's Prior "Strikes"**

Defendants request judicial notice of court records from three prior cases that plaintiff brought in federal court: (1) Burton v. Scribner, No. 1:05-cv-01287-LJO-SMS (E.D. Cal. Sept. 21, 2005) (Req. Judicial Not., Exs. A, E, F, G); (2) Burton v. Baca, et al., No. 2:08-cv-04546-UA-CW (C.D. Cal. July 11, 2008) (Req. Judicial Not., Exs. L, O); and (3) Burton v. Baca, No. 2:08-cv-05746-UA-CW (C.D. Cal. Sept. 3, 2008) (Req. Judicial Not., Exs. I, K). The request for judicial notice of these court records is GRANTED.

The court records show that the district court's dismissal of the first case was based upon plaintiff's failure to state a cognizable claim for relief. As such, this dismissal clearly qualifies as a "strike." See 28 U.S.C. § 1915(g); Andrews, 398 F.3d at 1121. While plaintiff appealed this dismissal, on February 29, 2008, the Ninth Circuit Court of Appeals dismissed the appeal for plaintiff's failure to prosecute. (Req. Judicial Not., Ex. H.)

2

The second and third cases were dismissed under Heck v. Humphrey, 512 U.S. 477 (1994), because they asserted claims that, if proven true, would call into the question the validity of plaintiff's state court conviction. In Heck the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. When a case is dismissed under Heck, the complaint "fails to state a claim upon which relief can be granted" as such, the dismissal is a "strike" under Section 1915(g). See Smith v. Veterans Admin., 636 F.3d 1306, 1312 (10th Cir. 2011); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). Consequently, plaintiff has suffered three "strikes" under § 1915(g).

Plaintiff argues that the first dismissal cannot count as a strike because the Ninth Circuit's orders directing him to file a prisoner authorization form or risk dismissal were sent to him at California State Prison – Lancaster, after plaintiff had been transferred out of that facility. However, plaintiff makes no assertion that he notified the Court of Appeals of his change of address, and there is no exception to § 1915(g) based on a plaintiff's failure to notify a court of a change of address.

Plaintiff also argues that the third dismissal was based on plaintiff's "wrongly submit[ing] habeas grounds into a [section] 1983 complaint." This was, however, exactly the district court's reason for dismissing the action as Heck-barred. Specifically, the claims called into question the validity of plaintiff's state court conviction. A petition for writ of habeas corpus is the exclusive method by which a prisoner may challenge a state court conviction. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Based on the authority discussed above, dismissals under Heck count as "strikes" for purposes of Section 1915(g).

Lastly, plaintiff makes no assertion, and the allegations in the complaint do not demonstrate, that he is under "imminent danger of serious physical injury" within the meaning of § 1915(g).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss (Docket No. 53) is GRANTED. This action is DISMISSED without prejudice to refiling if plaintiff pays the filing fee.

2. The Order entered July 9, 2012 (Docket No. 4), granting plaintiff leave to proceed in forma pauperis, is VACATED. Accordingly, plaintiff's in forma pauperis status is REVOKED.

3. Plaintiff's motion for a protective order, (Docket No. 57), and motion to quash, (Docket No. 58), are DENIED as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 1, 2013

_____
JON S. TIGAR
United States District Judge