UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON, <br>               Plaintiff, <br> v. <br> BRIAN LEE, et al., <br>               Defendants. | Case No. 12-cv-03158-JST (PR) <br><br> **ORDER REOPENING ACTION AFTER REMAND; REINSTATING IN FORMA PAUPERIS STATUS; SETTING BRIEFING SCHEDULE** |

In 2013, this suit was dismissed under 28 U.S.C. § 1915 and plaintiff's in forma pauperis ("IFP") status was revoked because plaintiff had previously filed three civil rights actions ("strikes") that had been dismissed for failure to state a claim. ECF No. 61. On appeal, the Ninth Circuit determined that two of these actions did not constitute a strike under section 1915. ECF No. 73. The suit was consequently remanded to this court. In light of the remand, the Court now orders as follows,

1. This action is REOPENED. The Clerk shall modify the docket to so indicate. The order of dismissal (ECF No. 61) is VACATED.

2. Plaintiff's IFP status is REINSTATED. ECF No. 4.

3. The Court sets the following briefing schedule:

    a. Not later than **91 days** from the date this order is filed, defendants Lee and Hubbard shall file a motion for summary judgment addressing the merits of the claims found cognizable in the court's July 9, 2012 order of service (ECF No. 3).[1] A motion for summary

---

[1] A third defendant, G.D. Lewis, was dismissed on June 17, 2013 (ECF No. 43), on the grounds that the only claims against him related to his role in handling plaintiff's inmate appeals. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no constitutional right to a prison administrative appeal or grievance system). The Ninth Circuit did not disturb that ruling.

judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided below as he prepares his opposition to any motion for summary judgment.

c. Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again

1  concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

2      5. All communications by plaintiff with the court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent.

    6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

    9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

    10. A copy of this order shall be sent to the parties and the court's financial office.

**IT IS SO ORDERED.**

Dated: May 24, 2018

_____
JON S. TIGAR
United States District Judge